US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 24 2018

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 2:18-CR-20010-004
)
JIMMY FRANKLIN FORE )

## PRELIMINARY ORDER OF FORFEITURE

On July 24, 2018, an Information was filed against the Defendant, Jimmy Franklin Fore, charging him with one count of having been previously convicted of a crime punishable by imprisonment exceeding one year, knowingly possessed firearms, which had been shipped and transported in interstate commerce, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and a forfeiture allegation.

In the forfeiture allegation of the Information, the United States seeks forfeiture, pursuant to Title 18 U.S.C. § 924(d), Title 28 U.S.C. § 2461(c), of

    a. One Heritage Rough Rider .22 caliber revolver, serial number HZ11526;

    b. One Marlin Model 336 .30 caliber rifle, serial number 23098934;

    c. One Mossberg 20 gauge shotgun, serial number L313255;

    d. One Rossi Interarms Model 59 rifle, serial number H013625; and

    e. One Norinco SKS 7 rifle, serial number 11598200K

as property involved in, or used to facilitate the offense.

On July 24, 2018, the Defendant pleaded guilty to the Information. Pursuant to a Plea Agreement entered into by the parties, the Defendant agrees to forfeit all rights, title and interest to one Heritage Rough Rider .22 caliber revolver, serial number HZ11526; one Marlin Model 336 .30 caliber rifle, serial number 23098934; one Mossberg 20 gauge shotgun, serial number

L313255; one Rossi Interarms Model 59 rifle, serial number H013625; and one Norinco SKS 7 rifle, serial number 11598200K listed in the Information.  The Defendant acknowledges that all property covered by the Plea Agreement is subject to forfeiture as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

Pursuant to the Plea Agreement, the Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea.  The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such Order will be considered final as to Defendant's interests in the property(ies).  The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States.  The Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es.)  The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of Orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other

means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That based upon the guilty plea of the Defendant, the following assets shall be forfeited to the United States:

    a. One Heritage Rough Rider .22 caliber revolver, serial number HZ11526;

    b. One Marlin Model 336 .30 caliber rifle, serial number 23098934;

    c. One Mossberg 20 gauge shotgun, serial number L313255;

    d. One Rossi Interarms Model 59 rifle, serial number H013625; and

    e. One Norinco SKS 7 rifle, serial number 11598200K,

as property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

3. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this

Order.

4. The United States shall publish notice of this Order pursuant to Fed. R. Crim. P. 32.2(b)(6).

5. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c), in which all interests will be addressed.

IT IS SO ORDERED this 24th day of July, 2018.

_____
HONORABLE P.K. HOLMES III
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Jimmy Franklin Fore, Defendant

_____
J. Marvin Honeycutt, Counsel for Defendant

_____
Kyra E. Jenner, Assistant U.S. Attorney